# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.   ) | Case No.   CR-20-222-G |
| ) | |
| JASON ALAN VILLEGAS, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Now before the Court are various motions submitted by the parties. On April 30, 2021, the Court held a hearing on the motions. For the reasons announced in open court, and as further discussed herein, the Court finds and concludes as follows.

    *I.*    *Defendant's Motion to Suppress Evidence (Doc. No. 38)*

In his Motion, Defendant seeks the suppression of items seized from Defendant's vehicle on the basis that Oklahoma Bureau of Narcotics Agent Brian Tallant lacked reasonable suspicion to conduct the traffic stop that resulted in the seizure. The United States has responded in opposition to the Motion. *See* Doc. No. 50. At the April 30, 2021 hearing, the Court received exhibits and heard testimony from Agent Tallant.

The evidence before the Court demonstrates that on August 10, 2020, Agent Tallant observed Defendant traveling at a close distance behind another vehicle at approximately 75 miles per hour. Using the stopwatch on his iPhone, Agent Tallant determined that Defendant was traveling only .39 seconds behind the vehicle in front of him. Based on these facts, Agent Tallant pulled Defendant over for violating title 47, section 11-310(a) of

the Oklahoma Statutes, which prescribes that "[t]he driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway." Okla. Stat. tit. 47, § 11-310(a).  No evidence was presented that the stopwatch calculation was inaccurate or that Agent Tallant had any objective reason to believe it to be inaccurate.

"Whether a traffic stop is valid under the Fourth Amendment turns on whether [the] particular officer had reasonable suspicion that [the] particular motorist violated any one of the multitude of applicable traffic and equipment regulations of the jurisdiction." *United States v. Hunter*, 663 F.3d 1136, 1142 (10th Cir. 2011) (internal quotation marks omitted).  The officer's subjective beliefs and intentions are irrelevant.  Rather, the Court must determine "whether the facts available to the detaining officer, at the time, warranted an officer of reasonable caution in believing the action taken was appropriate." *United States v. McHugh*, 639 F.3d 1250, 1256 (10th Cir. 2011) (internal quotation marks omitted).  The Court determines that Agent Tallant's observation of Defendant traveling at a close distance behind another vehicle and his determination that only .39 seconds separated the two vehicles provided Agent Tallant with reasonable suspicion to effectuate the traffic stop.

For these reasons, and for the reasons announced in open court, Defendant's Motion to Suppress Evidence (Doc. No. 38) is DENIED.

    II.    *Defendant's Motion for Bill of Particulars (Doc. No. 37)*

Defendant seeks a bill of particulars with respect to Count One of the Superseding Indictment, which charges Defendant with conspiracy to distribute cocaine and to possess

2

cocaine with the intent to distribute. The United States objects to the request. *See* Doc. No. 48.

"A bill of particulars is not necessary if the indictment sets forth the elements of the offense charged and sufficiently apprise[s] the defendant of the charges to enable him to prepare for trial." *United States v. Levine*, 983 F.2d 165, 167 (10th Cir. 1992) (internal quotation marks omitted). The Court has reviewed the allegations against Defendant in Count One of the Superseding Indictment and determines that they are adequate to inform Defendant of the charge and to allow him to prepare his defense. Further, Defendant has represented to the Court that the matters raised in his Motion were answered by the extensive discovery material provided by the United States. *See id.* (finding denial of request for bill of particulars appropriate where indictment described scheme in detail and defendant had access to government's file prior to trial); *United States v. Kunzman*, 54 F.3d 1522, 1526 (10th Cir. 1995).

Accordingly, and as stated at the April 30, 2021 hearing, Defendant's Motion for Bill of Particulars (Doc. No. 37) is DENIED.

> III.  *Defendant's Motion to Declare Mandatory Minimum Sentences Unconstitutional (Doc. No. 39)*

Defendant moves for an order declaring mandatory minimum sentences unconstitutional. The United States has responded in opposition. *See* Doc. No. 47. Defendant acknowledges that the Supreme Court has "not found that mandatory minimum sentences are unconstitutional." Doc. No. 39, at 1. Further, the Tenth Circuit has foreclosed the argument that "statutory mandatory minimum sentences [are]

unconstitutional because such sentences preclude the application of the sentencing factors set forth in 18 U.S.C. § 3553(a)." *United States v. Cherry*, 433 F.3d 698, 702 (10th Cir. 2005). Defendant's Motion (Doc. No. 39) is, therefore, DENIED.

    IV.    *United States' Motion in Limine (Doc. No. 46)*

Based on the representations of the parties at the April 30, 2021 hearing, the United States' Motion in Limine (Doc. No. 46) is DENIED as moot.

IT IS SO ORDERED this 3rd day of May, 2021.

_____
CHARLES B. GOODWIN
United States District Judge